

December 18, 2020

**VIA CM/ECF**

Honorable Theodore D. Chuang
United States District Court
6500 Cherrywood Lane
Suite 245A
Greenbelt, MD 20770

      Re:    *Lucas Delcid, Danielle Harris and Milena Radulovic v. Michael Isabella, Johannes Allender, Taha Ismail and Dhiandra Olson*, C.A. No. TDC-20-3167

Dear Judge Chuang:

    We represent Plaintiffs Lucas Delcid, Danielle Harris, and Milena Radulovic ("Plaintiffs") in the above-referenced matter and submit Notice of Intent to File a Motion ("Notice") and request a Pre-Motion Conference pursuant to Section II(A) of this Court's Case Management Order. For the following reasons, Plaintiffs ask the Court to permit Plaintiffs to file their Motion for Conditional Collective Action Certification pursuant to Section 216(b) of the Fair Labor Standards Act.

      **A.  Plaintiffs Request Conditional Collective Action Certification**

    The FLSA allows plaintiffs to bring suit "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). As discussed in Plaintiffs' motion, Plaintiffs satisfy the "fairly lenient" standard for conditional certification through their submission of Plaintiff Delcid's check from BallKap, LLC marked "Not Authorized," Plaintiff Delcid's bounced check from ReqWharf LLC dated December 21, 2018, and detailed declarations regarding Defendants common scheme of not paying employees what they earned. *Mendoza v. Mo's Fisherman Exch., Inc.*, No. 1:15-1427-ELH, 2016 WL 3440007, at *12 (D. Md. June 22, 2016) (citations omitted).

      **B.  Plaintiffs Request an Order Permitting Distribution of the Notice to Potential Class Members and an Order Requiring Defendants to Provide a Database of Potential Class Members.**

    Once the Court has conditionally certified a FLSA collective class, it should next determine how to notify class members of their option to join the underlying action. *See, e.g.*, *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519-20 (D. Md. 2000). Plaintiffs propose to use the Notice of Collective Action Lawsuit and Opt-In Consent Forms ("Notice and Consent Forms") attached as Exhibits 1.1 (Notice Form, English), 1.2 (Notice Form, Spanish) and 2 (Opt-

In Consent Form), and request that the Court approve these documents for distribution to all potential plaintiffs. The proposed Notice has been modeled after notices previously approved by courts in this district: The proposed Notice states the names of the parties and the nature of Plaintiffs' claims, clarifies that the question of liability has not been decided and that the results of the suit are not guaranteed, identifies Plaintiffs' counsel, and explains how to opt in to the action.

Plaintiffs seek an Order permitting them to disseminate notice via mail, email, text and telephone, as well as providing a link to the notice on Facebook. *See Boyd v. SFS Communs., LLC*, No. 8:15-3068, 2017 WL 386539, at *8-9 (D. Md. Jan. 27, 2017) (facilitating contact by mail, email, and telephone). To accomplish effective distribution of that notice, Plaintiffs also request that the Court authorize Plaintiffs to subpoena ReqWharf, LLC's payroll company, ADP, to promptly provide Plaintiffs a computer-readable database of names, last known addresses, phone numbers, e-mail addresses, and dates of employment for all persons employed by Requin from October 1, 2017, forward.

Plaintiffs understand that some Defendants in this matter have not yet been served and have not yet had attorneys appear on their behalf, and as such Plaintiffs cannot meet and confer with all of Defendants' counsel regarding the motion. Nevertheless, Plaintiffs respectfully ask the Court for permission to file the motion so Plaintiffs are not prejudiced. Certification of the Plaintiffs' collective action and notice to the class is necessary to preserve the claims of absent class members, against whom the statute of limitations is continuing to run.

If the Court has any additional questions, counsel remain available at the Court's convenience.

Sincerely,

_____
Lindsey Strang Aberg, Bar No. 21576
Ricardo S. Camposanto, Bar No. 21568
Michelle E. Divelbiss, Bar No. 21573
Patrick B. Shaw, Bar No. 21572
AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
Washington, DC 20004
Phone: (202) 912-4700
lstrang@axinn.com
rcamposanto@axinn.com
mdivelbiss@axinn.com
pshaw@axinn.com

Daniel A. Katz, Bar No. 13026
Daniel_Katz@washlaw.org
WASHINGTON LAWYERS'

Case 8:20-cv-03167-TDC   Document 13   Filed 12/18/20   Page 3 of 3
Page 3

                                      COMMITTEE FOR CIVIL RIGHTS AND
                                      URBAN AFFAIRS
                                      700 14th Street NW, Suite 400
                                      Washington, DC 20005
                                      Phone: (202) 319-1000
                                      Fax: (202) 319-1010

                                      Counsel for Plaintiffs

cc:    All Counsel of Record

       Michael Isabella
       437 W Palmetto St.
       Kill Devil Hills, NC 27948

       Johannes Allender
       117 Kent Oaks Way
       Gaithersburg, MD 20878

       Taha Ismail
       708 Irving St. NE, Apt. 102
       Washington, DC 20017

       Dhiandra Olson
       1712 Summit Pl. NW, Apt. B
       Washington, DC 20009