IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Delcid et al.,        ) | |
|        ) | |
|        ) | |
|    Plaintiffs,    ) | |
|        ) | |
|    v.    ) | Case No. 8:20-cv-03167-TDC |
|        ) | |
| Isabella et al.,    ) | |
|        ) | |
|    Defendants.    ) | |

**MOTION TO ALLOW SERVICE BY ALTERNATIVE
MEANS ON DEFENDANTS TAHA ISMAIL AND DHIANDRA
OLSON AND REQUEST FOR ADDITIONAL TIME TO SERVE PROCESS**

Plaintiffs Lucas Delcid, Danielle Harris, and Milena Radulovic ("Plaintiffs"), pursuant to Fed. R. Civ. P. 4(e)(1) and (m) and this Court's January 8, 2021 Order (Dkt. 17), file this Motion to Allow Service by Alternative Means on Defendants Taha Ismail and Dhiandra Olson and Request for Additional Time to Serve Process ("Motion"). Plaintiffs respectfully request that the Court grant this Motion and issue an order: (1) allowing Plaintiffs to effect service on Defendants by mailing a copy of the Summons, Complaint, and Case Management Order to Defendants' last known residences and posting a copy of the papers at the same addresses; and (2) granting Plaintiffs an additional 60 days to serve Defendants Ismail and Olson.

**I.     RELEVANT LAW**

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows for service of process upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Md. Rule 3-121(a) allows service by delivering to a defendant the summons, complaint, and other necessary papers, by

leaving these with a resident of suitable age and discretion at the defendant's dwelling or usual place of abode, or by serving the defendant by certified mail. Md. Rule 3-121(b) provides that:

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person . . . at the place of business of the defendant.

However, Md. Rule 3-121(c) provides that:

> When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.

Rule 4(m) of the Federal Rules of Civil Procedure provides that if Plaintiffs can show good cause for a failure to serve Defendants within 90 days, "the court must extend the time for service for an appropriate period."

## II.   TAHA ISMAIL

Plaintiffs have made multiple good faith efforts to serve Defendant Ismail. Plaintiffs retained the services of a private process server to attempt service on Defendant Ismail. The process server performed skip tracing on Defendant Ismail and confirmed on November 10, 2020, that Defendant Ismail's most recent address is 708 Irving St. NE, Apt. 102, Washington, DC 20017. The process server also performed a postal address confirmation on November 10, 2020, and confirmed that the address is correct. *See* Request for Postal Change of Address for Defendant Taha Ismail, attached as Exhibit 1 (JR-0000001).

The process server made three diligent attempts to serve Defendant Ismail at his address listed above. *See* Affidavit of Due Diligence for Defendant Taha Ismail, attached as Exhibit 2 (JR-0000002). For each attempt, lights were on in the apartment but no one came to the door. *Id.*

Additionally, on the process server's second and third attempts, the server noticed that the notes left on the door from the prior attempts had been removed. *Id.*

Here, Plaintiffs have been unsuccessful in their attempts to serve Defendant Ismail under Md. Rule 3-121(a) despite Plaintiffs' good faith attempts to do so. Service under Md. Rule 3-121(b) is impracticable because Plaintiffs are unaware of Defendant Ismail's current place of employment, and have not been able to determine his current place of employment through reasonable efforts. Therefore, Plaintiffs respectfully request an Order authorizing service in accordance with Md. Rule 3-121(c), by mailing a copy of the Summons, Complaint, and Case Management Order to 708 Irving St. NE, Apt. 102, Washington, DC 20017, and posting a copy of the Summons, Complaint, and Case Management Order at the same address.

## III.    DHIANDRA OLSON

Plaintiffs have made multiple good-faith attempts to effect service on Defendant Olson. Plaintiffs retained the services of a private process server to attempt service on Defendant Olson. Plaintiffs first asked the process server to attempt service at what they believed to be Defendant Olson's address, 10406 Snapdragon Pl., North Potomac, MD 20878. On November 6, 2020, the process server left the papers with Defendant Olson's mother at this address. *See* Declaration of Attorney Patrick Shaw in Support of the Motion to Allow Service by Alternative Means, attached as Exhibit 3 (JR-0000004-05). Because it was unclear whether Defendant Olson still lived at this address, Plaintiffs' attorneys asked the process server on November 12, 2020, to attempt service at an alternative address that the process server had discovered through skip tracing: 1712 Summit Pl. NW, Apt. B, Washington, DC 20009. *Id.*

The process server attempted to serve Defendant Olson on the evenings of November 14 and November 16, 2020. *See* Affidavit of Due Diligence for Defendant Dhiandra Olson, attached

3

as Exhibit 4 (JR-0000006). The note that the server had left on the door on November 14 had been removed when the server returned on November 16. *Id.* After the server knocked on Defendant Olson's door on the night of November 16, he noticed, through the blinds, a woman hiding on the floor who then disappeared into the kitchen. *Id.* On November 17, 2020, Defendant Olson, through her attorney, Lawrence P. Postol, made a special appearance and submitted a Motion to Strike Attempted Service of Process for the attempt at her mother's North Potomac, Maryland address. (Dkt. 3, Defendant Dhiandra Olson Special Appearance and Motion to Strike Attempted Service of Process.) That evening, Plaintiffs' attorney Patrick Shaw asked Mr. Postol via email if he would accept service on Defendant Olson's behalf. *See* Exhibit 3 (JR-0000004-05). Mr. Postol refused. *See id.*

The process server made two additional attempts to serve Defendant Olson at her Washington, DC residence on November 18, 2020, and on November 21, 2020. *See* Exhibit 4 (JR-0000006). On November 18, the server noticed that a FedEx note addressed to Defendant Olson was also left on the door, suggesting it is, in fact, her residence. On both occasions, the server's note from the previous service attempt had been removed. *Id.*

Plaintiffs' attempts to serve Defendant Olson pursuant to Md. Rule 3-121(a) have been unsuccessful, despite four good faith attempts to serve her at her Washington, DC residence, because Defendant Olson appears to be attempting to evade service by not coming to the door and hiding on the floor. Defendant Olson's attorney, Mr. Postol, has also repeatedly refused to accept service on her behalf, claiming that his client has not authorized him to accept service. Mr. Postol also maintains that his client is not deliberately evading service, and instead had legitimate reasons for declining to answer the door for the process server. (*See* Dkt. 16 at 1 (claiming that, on one of the four service attempts, Defendant Olson declined to answer the door

for the process server because she believed that Plaintiffs did not know her home address, her cat was frightened, and she is "a woman living alone, who was not expecting guests").)

Service under Md. Rule 3-121(b) is impracticable because Plaintiffs are unaware of Defendant Olson's current place of employment, and have not been able to determine her current place of employment through reasonable efforts. Accordingly, Plaintiffs respectfully request an Order authorizing service in accordance with Md. Rule 3-121(c), by mailing a copy of the Summons, Complaint, and Case Management Order to Defendant Olson's address at 1712 Summit Pl. NW, Apt. B, Washington, DC 20009, and posting a copy of the Summons, Complaint, and Case Management Order at the same address.[1]

## IV.   REQUEST FOR 60 ADDITIONAL DAYS TO SERVE DEFENDANTS

Plaintiffs have good cause under Fed. R. Civ. P. 4(m) for additional days to effect service because Plaintiffs anticipate that, due to the time it will take for the Court to consider and rule on this Motion, Plaintiffs may not be able to serve Defendants Olson and Ismail within the normal 90-day time frame. Although the 90-day deadline for service has not passed as of the filing of this Motion, it is foreseeable that, given that the deadline is January 28, 2021—less than three weeks from today—the Court's schedule might not allow for a ruling on this Motion that would grant Plaintiffs enough time to effect service by the alternative means requested here. As such, Plaintiffs request 60 additional days beyond the January 28, 2021 deadline—to March 29, 2021—to effect service.

---

[1] At the teleconference with the Court on January 7, 2021, Mr. Postol confirmed that the Washington, DC address at which the process server had been attempting to serve process is, in fact, Defendant Olson's residence. Further, Mr. Postol confirmed that he has been in touch with Defendant Olson, showing that she is undoubtedly aware that Plaintiffs have been attempting to serve her at her residence in connection with this matter.

Dated: January 8, 2021						Respectfully submitted,

By: /s/ Lindsey Strang Aberg
Lindsey Strang Aberg, Bar No. 21576
Ricardo S. Camposanto, Bar No. 21568
Michelle E. Divelbiss, Bar No. 21573
Patrick B. Shaw, Bar No. 21572
AXINN, VELTROP & HARKRIDER LLP
950 F Street, NW
Washington, DC 20004
Phone: (202) 912-4700
lstrang@axinn.com
rcamposanto@axinn.com
mdivelbiss@axinn.com
pshaw@axinn.com

Daniel A. Katz, Bar No. 13026
Daniel_Katz@washlaw.org
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN
AFFAIRS
700 14th Street NW, Suite 400
Washington, DC 20005
Phone: (202) 319-1000
Fax: (202) 319-1010

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, a copy of the foregoing was served on all counsel of record via the Court's ECF system, and mailed via certified mail to:

Michael Isabella
437 W Palmetto St.
Kill Devil Hills, NC 27948

Taha Ismail
708 Irving St. NE, Apt. 102
Washington, DC 20017

Dhiandra Olson
1712 Summit Pl. NW, Apt. B
Washington, DC 20009

By:  /s/ Lindsey Strang Aberg
Lindsey Strang Aberg, Bar No. 21576