IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Delcid, et al. | ) |
|     Plaintiffs, | ) |
| v. | ) Case No. 8:20-cv-03167-TDC |
| Isabella, et al. | ) |
|     Defendants. | ) |

**REPLY MEMORANDUM BY PLAINTIFFS IN
SUPPORT OF MOTION FOR CONDITIONAL COLLECTIVE
ACTION CERTIFICATION AND COURT-FACILITATED NOTICE**

Plaintiffs' motion for conditional collective action certification (ECF No. 30) should be granted and the Court should approve Plaintiffs' proposed notice. Defendants' oppositions do not defeat the showing Plaintiffs make to meet the standard for conditional collective action certification. Moreover, Defendants' argument that they are not liable for any of the wages owed to Plaintiffs is irrelevant to the Court's consideration of Plaintiffs' motion.

Defendants Allender, Ismail, and Olson oppose Plaintiffs' motion for conditional collective action certification, arguing it is not worth locating other Requin workers who are owed wages because the named Defendants are not liable for any wages owed to former employees.  (Allender Opp. (ECF No. 33) at 3.) In a brief joined by Ismail and Olson,[1] Allender first argues that Plaintiffs have not made the required "minimal evidentiary showing" for collective action certification because they have not adequately alleged that the Requin

---

[1] Ismail Opp. (ECF No. 35) at 1 (indicating Ismail joins Allender's Opposition); Olson Opp. (ECF No. 34) at 1 (indicating Olson joins Allender's Opposition).

1

restaurant workers were "similarly situated." (Allender Opp. at 1.)  According to Allender, because the three hourly workers had different job titles at Requin's Wharf restaurant location and there was some variability in the precise manner in which Requin withheld their owed hourly wages, they have "*different* stories," and are not similarly situated.  *Id.*

Allender's argument has no basis in the law, and employees with different job titles are routinely found to be "similarly situated" under the Fair Labor Standards Act ("FLSA"). *See, e.g.*, *Mendoza v. Mo's Fisherman Exchange, Inc.*, 2016 WL 3440007, at *17 (D. Md. June 22, 2016) (finding that "Plaintiffs do not have to show that the potential class members have identical positions for conditional certification" and discrediting an attempt to argue that hourly employees in different work categories, "such as bartenders, cooks, and hosts or hostesses," were not similarly situated); *see also Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012) ("Similarly situated does not mean identical. Rather a group of potential FLSA plaintiffs is similarly situated if its members can demonstrate that they were victims of a common policy, scheme, or plan that violated the law."). Here, the named Plaintiffs are a food runner, a bartender, and a pastry chef, all hourly workers at the same restaurant and all victims of a common scheme to withhold hourly wages in violation of the FLSA.

Allender's reliance on *Andrade v. Aerotek, Inc.*, 2009 WL 2757099 (D. Md. Aug. 26, 2009), is misplaced. The court's decision in *Aerotek* was driven by differences among employees scattered across the country throughout a large company's 150 different corporate divisions and offices, including that the employees' supervisors varied by office location. *See Aerotek*, 2009 WL 2757099, at *3; *see also Myles v. Prosperity Mortg. Co.*, 2012 WL 1963390, at *8 (D. Md. May 31, 2012) (distinguishing *Aerotek* by noting that "[A]erotek had no express policy of denying overtime to employees; thus the court was unwilling to take informal and off-

the-book policies alleged to exist in two offices and extrapolate them to the rest of the company's 150 nationwide offices."). The prospective class in this case only covers a single restaurant location where employees were subjected to a common scheme by a common set of supervisors.

Second, despite tacitly acknowledging that no such requirement is supported by the case law, Allender posits that the Court "*should* require" Plaintiffs to demonstrate that Defendants qualify as employers under the FLSA prior to granting conditional collective action certification. Allender Opp. at 2. Allender then argues, with no reference to the applicable legal standard, that he, Ismail, and Olson are not employers, because none is an "officer, director, or owner" of the restaurant that failed to pay owed wages to Plaintiffs. *Id*. at 3. Arguments about whether Defendants are "employers" under the FLSA are irrelevant in a motion for conditional collective action certification. *See Kis v. Covelli Enterprises, Inc.*, 2018 WL 2227782, at *2 (N.D. Ohio May 16, 2018) (such arguments go to the merits and "are not relevant to deciding whether this case should proceed as a collective action."). Even if the Court were to consider the question at this stage, the FLSA definition of "employer" is not as rigid as the Defendants would have the Court believe. Defendants' insistence that they were not officers, directors, or owners of Requin, even if true, is not dispositive. *See e.g., Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139, 151-52 (D.D.C. 2011) (the definition of "employer" is broadly construed "to serve the remedial purposes of the FLSA" and includes "any person acting directly or indirectly in the interest of an employer in relation to an employee") (quoting 29 U.S.C. § 203(d)); *Perez v. Lorraine Enterprises, Inc.*, 769 F.3d 23, 31-32 (1st Cir. 2014) (general manager of a restaurant individually liable under the FLSA alongside the owner of the restaurant); *Reich v. Circle C. Investments,*

3

*Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (ownership interest not required, provided an individual "has the power to act on behalf of the corporation vis-à-vis its employees.").

Defendants raise a number of factual disputes,[2] but cannot plausibly deny that, even before discovery, Plaintiffs have made the required minimum evidentiary showing that the potential class members are similarly situated. Accordingly, and for the reasons stated in Plaintiffs' Memorandum in Support of Motion for Collective Action Certification and Court-Facilitated Notice (ECF No. 30-1), the Court should grant Plaintiffs' motion to certify a conditional collective action and approve Plaintiffs' proposed notice.

Dated: July 30, 2021                                        Respectfully submitted,

                                                            By: */s/ Lindsey Strang Aberg*

---

[2] Specifically, Defendant Allender's contention that he was an "outside accountant" and not "Chief Financial Officer" as alleged by the Plaintiffs is 1) not dispositive, for the reasons described above; and 2) the subject of a factual dispute, as Plaintiffs' allegation that Allender served as an officer of Requin is supported by a number of bankruptcy filings for Requin and its affiliates. *See* Requin's Chapter 7 Voluntary Petition, *In Re ReqWharf, LLC*, No. 19-12585-WIL (Bankr. D. Md. Feb. 28, 2019) (Requin's Chapter 7 bankruptcy filing listing Allender as the person responsible for books, records, and financial statements); Certification of Johannes Allender, *In Re CPKap, LLC d/b/a/ Kapnos Taverna College Park, et al.*, No. 18-21808-TJC (Bankr. D. Md. Oct. 04, 2018) (indicating that Allender served as Chief Financial Officer of at least seven entities affiliated with the Michael Isabella restaurant group, including BallKap, LLC (the entity that issued a number of Plaintiffs' paychecks in the present case)). Plaintiffs ask the Court to take judicial notice of these court records. *See Worsham v. Discount Power, Inc.*, 2020 WL 5834246, at *1 n.1 (D. Md. Oct. 1, 2020) ("The Court routinely takes judicial notice of court filings as matters of public record.").

Lindsey Strang Aberg, Bar No. 21576
Ricardo S. Camposanto, Bar No. 21568
Michelle E. Divelbiss, Bar No. 21573
Patrick B. Shaw, Bar No. 21572
AXINN, VELTROP & HARKRIDER LLP
1901 L St. NW
Washington, DC 20036
Phone: (202) 912-4700
Fax: (202) 912-4701
lstrang@axinn.com
rcamposanto@axinn.com
mdivelbiss@axinn.com
pshaw@axinn.com

Daniel A. Katz, Bar No. 13026
Daniel_Katz@washlaw.org
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN
AFFAIRS
700 14th Street NW, Suite 400
Washington, DC 20005
Phone: (202) 319-1000
Fax: (202) 319-1010

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

By: */s/ Lindsey Strang Aberg*
Lindsey Strang Aberg, Bar No. 21576
