IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUCAS DELCID, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action  MJM-20-3167 |
| MICHAEL ISABELLA, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Lucas Delcid, Danielle Harris, and Milena Radulovic (collectively, "Plaintiffs") commenced this civil action alleging that Michael Isabella, Johannes Allender, Taha Ismail, and Dhiandra Olson (collectively, "Defendants") unlawfully withheld wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the District of Columbia Minimum Wage Act Revision Act, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"), and the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq*. ("DCWPCL").[1] ECF 1. Plaintiffs both sued in their individual capacities and sought to represent a group of similarly situated employees in a FLSA collective action pursuant to 29 U.S.C. § 216(b) and a class action for the state law claims pursuant to Fed. R. Civ. P. 23. *Id.* Currently pending is Plaintiffs' Motion for Equitable Tolling. ECF 73. No memorandum in opposition to the motion was filed. The Court has reviewed the filing and finds that no hearing is necessary. Loc. R. 105.6. For the reasons stated below, Plaintiffs' motion will be GRANTED.

---

[1] Isabella is in default. ECF 20. The remaining parties have consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). ECF 40, 41. Plaintiffs have reached terms of settlement with Ismail and Olson. ECF 66, 75. A stay is in effect for Plaintiffs' claims against Defendant Allender due to the latter party's Chapter 7 bankruptcy filing on November 1, 2021. ECF 55.

I. **<u>Background</u>**

Plaintiffs filed the Complaint on October 30, 2020, and the summons were issued on November 2, 2020. Isabella and Allender were promptly served. ECF 5, 9. On January 8, 2021, after a few failed attempts to serve Ismail and Olson, Plaintiffs filed a motion seeking to effect service on Ismail and Olson by alternative means and requesting additional time to serve process. On June 4, 2021, Judge Theodore D. Chuang granted the motion and instructed Plaintiffs to serve process on Ismail and Olson by sending a copy of the summons, Complaint, civil information sheet, and the Court's Order by first-class mail to each Defendant's address and by posting these documents on their doors in 30 days. ECF 27. Specifically, Judge Chuang found that Plaintiffs had made good faith efforts to serve Ismail and Olson pursuant to Maryland Rule 2-121 (a), but these Defendants had evaded service. *Id*. at 2. Over seven months after the Complaint was filed, Olson and Ismail were served on June 9 and 14, 2021, respectively. ECF 28.

On July 2, 2021, Plaintiffs filed the Motion for Conditional Collective Action Certification and Court-Facilitated Notice ("Collective Action and Notice Motion") seeking conditional collective action certification of their FLSA claims and requesting the Court to facilitate the issuance of notice to all potential collective action members. ECF 30. Briefing on the motion concluded on July 30, 2021. ECF 38. Plaintiffs state that while the motion was pending, they engaged in substantial efforts to identify other members of the conditional collective action absent court-facilitated notice. ECF 73 at 3. In October 2021, Plaintiffs also requested that Defendants agree to toll the FLSA statute of limitations period for six months, but Defendants did not respond. ECF 54. On November 2, 2021, Judge Charles B. Day directed Defendants to file a response to the relief Plaintiffs had requested, ECF 56, but Defendants failed to comply with that Order. ECF 73 at 3. On February 10, 2022, Judge Day granted the Collective Action and Notice Motion. ECF

67. Plaintiffs subsequently filed the Motion for Equitable Tolling seeking to toll the statute of limitations for all unnamed members of the conditional collective action from at least July 2, 2021, the date on which the Collective Action and Notice Motion was filed, until February 10, 2022, the date on which the motion was granted. ECF 73.

II.     Analysis

FLSA claims are generally subject to a two-year statute of limitations, while, for willful violations, the statute of limitations is extended to three years.[2] 29 U.S.C. § 255(a). Unlike claims under Rule 23 of the Federal Rules of Civil Procedure, which automatically toll upon filing of the class action, the limitations period for FLSA collective actions continues to run for each opt-in plaintiff until he or she files written consent to join the suit. 29 U.S.C. § 256(b); *see also Schilling v. Schmidt Baking Co., Inc.*, Civ. No. TDC-16-2498, 2018 WL 3520432, at *6 (D. Md. July 20, 2018).

The equitable tolling doctrine "is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court." *Baxter v. Burns & McDonnell Eng'g Co., Inc.*, Civ. No. JKB-19-3241, 2020 WL 4286828, at *3 (D. Md. July 27, 2020) (citing *United States v. $57,960.00 in U.S. Currency*, 58 F. Supp. 2d 660, 664 (D.S.C. 1999)). The doctrine "turns on the facts and circumstances of a particular case [and] does not lend itself to bright-line rules." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). It is meant to be a "rare remedy available only where the plaintiff has 'exercise[d] due diligence in preserving [his or her] legal rights.'" *Cruz v. Maypa*, 773 F.3d 138, 145–46 (4th Cir. 2014) (quoting *Chao v. Va. Dep't of*

---

[2]     Plaintiffs allege that Defendants' violations of the FLSA were willful. Compl. ¶¶ 48, 71.

*Transp.*, 291 F.3d 276, 283 (4th Cir. 2002)). As a result, the "circumstances under which equitable tolling has been permitted are ... quite narrow." *Chao*, 291 F.3d at 283.

Generally, equitable tolling is available when (1) "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," or (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Cruz*, 773 F.3d at 146 (quoting *Harris*, 209 F.3d at 330). Equitable tolling of the statute of limitations may be appropriate in FLSA actions where the employer failed to post statutory notice of employee's rights. *See id*. at 145–46.  In FLSA collective actions, the delay caused by the time the court takes to decide a motion, such as a conditional certification motion "may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Restaurant Assocs. Events Corp.*, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011); *See, e.g.*, *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 171 (S.D.N.Y. 2014) (granting equitable tolling during the nine-month period during which a motion for conditional certification of a collective action was pending); *McGlone v. Cont. Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (reasoning that "[w]hile plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings"). But "ordinary litigation delay is not considered an 'extraordinary circumstance' warranting equitable tolling."  *Schilling*, 2018 WL 3520432, at *7 (citation omitted); *see*, *e.g.*, *MacGregor v. Farmers Ins. Exch.*, No. 2:10-CV-03088, 2011 WL 2731227 at *2 (D.S.C. July 13, 2011) (denying equitable tolling request because defendant's motion to dismiss was "not out of the ordinary," nor was the four-month time frame of the court's consideration).

In cases where a request of equitable tolling was unopposed, courts in this district have granted tolling for the period the court takes to decide the conditional certification motion, also taking into consideration the public health crisis caused by COVID-19. *See Baxter*, Civ. No. JKB-19-3241, 2020 WL 4286828, at *3 (D. Md. July 27, 2020) (tolling the FLSA statute of limitations for putative opt-in collective action members from the date on which the motion for conditional certification was filed until the date on which the court ultimately makes its determination); *McCoy v. Transdev Servs., Inc.*, No. CV DKC 19-2137, 2020 WL 2319117, at *5 (D. Md. May 11, 2020) (tolling the statute of limitations from the date on which the motion for conditional certification was filed, through the date the court enters an order on the motion, which is close to six months).

Here, Plaintiffs requests the granting of equitable tolling for roughly seven-month period during which their motion for conditional certification of a collective action was pending. None of the Defendants weighed in on this issue. Unlike *Baxter* and *McCoy*, it is not clear that this case was significantly affected by the COVID-19 public health crisis. But in this case, Olson and Ismail's conduct in evading service caused significant delay as Plaintiffs had to engage in unnecessary motion practice for months to effect service on Ismail and Olson by alternative means. Absent such delay, which was outside the control of Plaintiffs or putative collective action members, Plaintiffs could have sought conditional collective action certification and court-facilitated notice several months earlier. Plaintiffs should not be penalized for the delays; therefore, equitable tolling is appropriate here.

**III.     Order**

For the foregoing reasons, Plaintiffs' Motion for Equitable Tolling (ECF 73) is hereby GRANTED.


November 29, 2022                                            /S/
Date                                                              Matthew J. Maddox
                                                                     United States Magistrate Judge