**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| Delcid, et al.<br><br>　　　　　　Plaintiffs,<br><br>Isabella, et al.<br><br>　　　　　　Defendants. | Case No. 8:20-cv-03167-MJM |

**DECLARATION OF KAIL J. JETHMALANI
IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
OF CLASS AND FLSA COLLECTIVE ACTION SETTLEMENT
<u>AND CERTIFICATION OF THE PROPOSED RULE 23 CLASSES</u>**

I, Kail J. Jethmalani, declare as follows:

1.      I am Counsel at the law firm Axinn, Veltrop & Harkrider LLP, and I am lead counsel on behalf of Plaintiffs in this case.

2.      I submit this declaration in support of the Motion for Preliminary Approval of Class and FLSA Collective Action Settlement and Certification of the Proposed Rule 23 Classes, which is being filed concurrently herewith. I have personal knowledge of the information set forth in this declaration.

3.      Attached as Exhibit A is a true and correct copy of the Settlement Agreement (the "Settlement").

**Background**

4.      Plaintiffs Lucas Delcid, Danielle Harris, and Milena Radulovic worked for the Washington, D.C. restaurant Requin, which closed on December 22, 2018. Plaintiffs brought clams pursuant to the Fair Labor Standards Act ("FLSA"), the District of Columbia Minimum Wage Act ("DCMWA"), and the District of Columbia Wage Payment and Collection Law ("DCWPC"), on behalf of themselves and others similarly situated against Defendants Michael Isabella, Johannes Allender, Taha Ismail, and Dhiandra Olson in their personal capacity as employers, seeking damages and other relief for Requin's failure to pay minimum wage and properly compensate employees for overtime worked within a workweek.

5.      Defendant Isabella was the owner of Requin before its bankruptcy. Defendant Isabella also owned several other Washington, D.C. area restaurants. On January 11, 2021, the Court entered an Order of Default against Defendant Isabella (ECF No. 20).

6.      Documents produced in discovery indicate that Defendant Allender was Requin's co-owner and Chief Financial Officer. Public records indicate that he was also a member of

ReqWharf LLC, the entity that owned and operated Requin. ReqWharf LLC – Initial File Number: L00005265584, D.C. CorpOnline, available at https://corponline.dcra.dc.gov/ (last accessed Jan. 11, 2022) (listing Defendant Allender as a "Beneficial Owner[]" of ReqWharf LLC).

7.     Defendant Ismail was Requin's Beverage Director, (Def. Ismail's Answer to the Complaint, ECF No. 31, ¶ 16), as well as the Beverage Director for all of Defendant Isabella's restaurants.

8.     Defendant Olson was Requin's Assistant General Manager at the time Requin closed. (Complaint, ECF No. 1, ¶ 17)

9.     Plaintiffs' Counsel diligently pursued an investigation of Plaintiffs' claims against Defendant Allender, including subpoenaing four third parties for Requin's financial and personnel records and reviewing thousands of pages of records produced in response to those subpoenas. Given Requin's closure in late 2018, however, few ordinary course materials maintained by the Restaurant appear to be available to Plaintiffs. Defendant Olson was able, however, to point Plaintiffs' Counsel to some of Requin's remaining records, including an incomplete universe of payroll records, available through a cloud storage service used by Requin. Defendant Olson's position was that she no longer had possession, custody, or control over those materials and therefore did not produce the full universe of payroll records to Plaintiffs.  Plaintiffs have also extensively analyzed the materials Defendant Olson identified.

10.     Plaintiffs have served extensive requests for production, interrogatories, and requests for admissions on Defendants and analyzed the responses provided to date.

**Settlement Negotiations**

11.     Negotiation of the instant Settlement occurred directly between Plaintiffs' counsel

and counsel for Defendant Allender.

12.     I was the primary Plaintiff-side point of contact with counsel for Defendant Allender during settlement negotiations.

13.     On November 1, 2021, while discovery in this action was ongoing and Plaintiffs had served written discovery requests on Defendants, Defendant Allender filed a Notice of Filing of Case in Bankruptcy Court indicating that he had filed under Chapter 7 in the United States Bankruptcy Court for the District of Maryland, Greenbelt Division (the "Bankruptcy Court") captioned *In re Johannes Allender*, No. 21-16900. (Notice of Filing of Case in Bankruptcy Court, ECF No. 55.) As a result of Defendant Allender's bankruptcy filing, this action was automatically stayed as to Defendant Allender. *See* 11 U.S.C. § 362(a).

14.     Unable to litigate their claims against Defendant Allender in this Court, Plaintiffs brought an adversary proceeding against Defendant Allender in Bankruptcy Court on January 31, 2022 titled *Delcid et al. v. Allender (In re Johannes Allender)*, No. 22-AP-00021 (the "Bankruptcy Court Action") seeking to prevent Defendant Allender from discharging his debts to Plaintiffs (Bankruptcy Court Action, Complaint, ECF No. 1). On March 7, 2022, Defendant Allender moved to dismiss Plaintiffs' complaint in the Bankruptcy Court Action (Bankruptcy Court Action, Motion to Dismiss for Failure to State a Claim on which Relief May Be Granted, ECF No. 25). On March 21, 2022, Plaintiffs' amended their complaint (Bankruptcy Court Action, ECF No. 26), and Defendant Allender renewed his Motion to Dismiss on April 4, 2022 (Bankruptcy Court Action, ECF No. 31). The Bankruptcy Court declined to dismiss the adversary proceeding (Bankruptcy Court Action, ECF No. 49). The Bankruptcy Court indicated that was disinclined to hear the merits of the underlying dispute and suggested that the parties litigate the underlying merits in this Court and non-dischargeability of the debt before the

4

Bankruptcy Court. (*Id.*) Defendant Allender disagreed with that course of action.

15.     On August 10, 2022, Plaintiffs contacted Defendant Allender to seek his consent in lifting the automatic stay to litigate the merits in this Court, as the Bankruptcy Court suggested. Defendant Allender opposed any such effort and instead suggested that the parties commence settlement negotiations. Settlement negotiations occurred at arm's length between counsel for Plaintiffs and Defendant Allender over the course of the following three weeks. During that time, the parties had at least three telephone discussions regarding settlement and exchanged several emails regarding the same. Over the course of these communications, the parties exchanged several rounds of counteroffers regarding settlement before arriving at a mutually agreeable dollar amount. Additionally, the Parties negotiated regarding the specific contours and scope of settlement cooperation to be provided by Defendant Allender.

16.     Recognizing the substantial costs and risks that each side faces with proceeding through discovery, certification, decertification, merits briefing, trial, a possible appeal in this Action, as well as in the Bankruptcy Court Action—which would entail potentially two trials, one on the merits of Plaintiffs' claims before this Court and another regarding the dischargeability of Defendant Allender's debts to Plaintiffs in the Bankruptcy Court—the Parties reached an agreement in principle to resolve this Action and the Bankruptcy Court Action on August 31, 2022. The parties negotiated the Settlement Agreement over the next two months, which the parties executed on October 24, 2022.

17.     In the Joint Status Report filed in the Bankruptcy Court Action on September 2, 2022 (Bankruptcy Court Action, ECF No. 57), Plaintiffs notified the Bankruptcy Court that Allender has agreed to provide material monetary compensation and cooperation to Plaintiffs in the prosecution of their claims against the remaining defendant in this Action, and that the

partied anticipated seeking limited relief from the automatic stay imposed by 11 U.S.C. § 362(a) for Plaintiffs to seek the District Court's approval of the settlement (*Id.*). The Parties filed a Joint Consent Motion for Limited Relief from the Automatic Stay to Permit the Joint Movants to Perform Obligation Under and Implement Settlement Agreement in the Bankruptcy Court on November 29, 2022 (Bankruptcy Court Action, ECF No. 58). The Bankruptcy Court granted the motion on December 21, 2022 (Bankruptcy Court Action, ECF No. 59).

18.     In reaching this agreement, the Parties avoid substantial costs associated with this Action and the Bankruptcy Court Action and streamline Plaintiffs' claims against the remaining Defendant.

19.     Defendant Allender has agreed to deposit a Settlement Payment of $13,000.00 into a Qualified Settlement Fund within 30 days after the Court's entry of an order granting preliminary approval and certifying the Rule 23 Class for settlement purposes only. He has also agreed to a significant non-monetary component to the Settlement Agreement under which he will provide Plaintiffs under which he will provide Plaintiffs with facts known to him that support Plaintiff's claims. Specifically, Defendant Allender has agreed to: (1) meet with Plaintiffs' Counsel to provide a reasonably detailed description of the principal facts known to him that are relevant to the conduct at issue in the Action ("Proffer"); (2) cooperate with Plaintiffs' Counsel to provide a declaration to establish facts Plaintiffs' Counsel learns from the Proffer; (3) provide Plaintiffs' Counsel with any responsive, nonprivileged information in his possession, custody, or control, including text messages and other relevant communications with the remaining Defendant; (4) use reasonable efforts to assist Plaintiffs' Counsel in authenticating documents/and or things; (5)  appear for a deposition of up to seven hours; (6) appear live to testify at any trial of Plaintiffs' claims in the District Court Action or any related proceeding; and

(7) cooperate in good faith with Plaintiffs with respect to any other reasonable requests for additional information or discovery related to Plaintiffs' claims in the District Court Action or in any related proceeding.

20.     Plaintiffs' counsel and counsel for Defendant Allender agree that this Settlement, as amended, is fair, reasonable, and adequate.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this January 13, 2023, in New York, New York.


DATED: January 13, 2023                    Respectfully Submitted,

                                           */s/ Kail J. Jethmalani*
                                           Kail J. Jethmalani, Bar No. 22873

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

Delcid, et al.

        Plaintiffs,

    v.

Isabella, et al.

        Defendants.

Case No. 8:20-cv-03167-MJM

## CLASS AND COLLECTIVE ACTION SETTLEMENT
## AGREEMENT BETWEEN PLAINTIFFS AND JOHANNES ALLENDER

This class and collective action settlement agreement ("Settlement Agreement") is made and entered into as of the 24th day of October, 2022 ("Execution Date") by and between the Plaintiffs Lucas Delcid, Danielle Harris, and Milena Radulovic ("Plaintiffs"), on behalf of themselves, FLSA Opt-In Plaintiffs, and Rule 23 Class Members, as defined herein, and Defendant Johannes Allender ("Defendant" or "Allender"), subject to this Court's approval. Plaintiffs and Defendant are referred to herein collectively as the "Parties" or each individually as a "Party."

WHEREAS, Plaintiffs on behalf of themselves and as representatives of a proposed class of similarly situated persons filed a lawsuit on October 30, 2020 against Defendant captioned *Delcid, et al. v. Isabella, et al.* in the United States District Court for the District of Maryland bearing the case number No. 8:20-cv-03167-MJM (the "District Court Action") alleging that Allender is liable for, among other things, unpaid minimum wage, overtime premium pay, liquidated damages, penalties, attorneys' fees, and/or interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the District of Columbia Minimum Wage Act ("DCMWA")

and its implementing regulations, D.C. Code § 32-1001 et seq., and the District of Columbia Wage Payment and Collection Law ("DCWPC") and its implementing regulations, D.C. Code § 32-1301 et seq.;

WHEREAS, Defendant Allender has denied he is an employer under those statutes or otherwise and has denied all liability;

WHEREAS, during the pendency of the District Court Action, Allender filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101-1532, in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") on November 1, 2021 in Case No. 21-16900;

WHEREAS, Allender filed a Notice of Filing of Case in Bankruptcy Court in the District Court Action (ECF No. 55) on November 1, 2021, which automatically stayed proceedings in the District Court Action;

WHEREAS, on January 31, 2022, Plaintiffs commenced an adversary proceeding in Bankruptcy Court, No. 22-00021, seeking a determination that Allender's debts in connection with the District Court Action are non-dischargeable (the "Bankruptcy Court Action");

WHEREAS, on June 17, 2022, the Bankruptcy Court denied Debtor-Defendant Allender's Motion to Dismiss Plaintiffs' Amended Complaint in the Bankruptcy Court Action (ECF No. 49);

WHEREAS, the Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the District Court Action through costly discovery, class certification briefing, collective action decertification briefing, dispositive motion briefing, trial and possible appeals, and then also to prosecute the Bankruptcy Court Action to seek a determination that Allender's potential liability is non-dischargeable;

WHEREAS, the Parties have also taken into account the uncertain outcome and the risk of litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review;

WHEREAS, the Parties wish to resolve all claims arising from or in connection with any act or omission through the date of approval relating to the District Court Action and/or arising from the factual predicates of the District Court Action and the Bankruptcy Court Action;

WHEREAS, the Parties have engaged in arm's-length negotiations as required by the operative Scheduling Order in the District Court Action (ECF No. 36), as amended, regarding the terms of this Settlement Agreement, and this Settlement Agreement embodies all of the terms and conditions of the Parties' settlement;

WHEREAS, Plaintiffs believe that the cooperation to be provided by Allender and Settlement Payment as part of this Settlement Agreement reflect fair, reasonable, and adequate compensation for the FLSA Opt-In Plaintiffs and Rule 23 Class to release, settle, and discharge their claims that they were harmed by the alleged conduct of which Allender is accused;

WHEREAS, Allender, notwithstanding his belief that he has legitimate defenses to any claims that could be asserted by Plaintiffs against him and that he denies and continues to deny all of the allegations embodied in this District Court Action and the Bankruptcy Court Action, enters into this Settlement Agreement to avoid the costs, expenses, and uncertainties of this litigation, and thereby put a rest to this controversy;

WHEREAS, both Parties wish to preserve all arguments, defenses, and responses to all claims in the District Court Action and Bankruptcy Court Action, including any arguments, defenses, and responses to any proposed litigation class proposed by Plaintiffs in the event this Settlement Agreement does not obtain approval;

NYDOCS\1520211.6

NOW THEREFORE, in consideration of the foregoing, the terms and conditions set forth below, and other good and valuable consideration, it is stipulated and agreed by and among the Parties that the claims of the Plaintiffs be settled, compromised, and dismissed on the merits with prejudice as to Allender subject to Court approval and that Allender be forever fully discharged and released from any and all claims covered by this Settlement Agreement:

1.    Definitions.  The terms below and elsewhere in this Settlement Agreement with initial capital letters shall have the meanings ascribed to them for purposes of this Settlement Agreement.

  a.  "Bankruptcy Court" means the United States Bankruptcy Court for the District of Maryland, Greenbelt Division.

  b.  "District Court" means the United States District Court for the District of Maryland.

  c.  "District Court Complaint" means the Collective and Class Action Complaint filed on October 30, 2020, captioned *Delcid, et al. v. Isabella, et al.* in the United States District Court for the District of Maryland bearing the case number No. 8:20-cv-03167-MJM (ECF No. 1).

  d.  "Defendants" means those defendants named in the District Court Complaint.

  e.  "Defendant's Counsel" means Daniel M. Press of Chung & Press, P.C.

  f.  "FLSA Opt-In Plaintiffs" means all hourly, non-exempt employees who worked for ReqWharf LLC d/b/a Requin ("Requin") on or after October 1, 2017, who were not paid wages or were not paid overtime, and who submitted written consents to join the District Court Action pursuant to 29 U.S.C. § 216.

4

EXECUTION VERSION

The FLSA Opt-In Plaintiffs as of the Execution Date are identified in Exhibit 1 hereto.

g.    "Parties" shall mean Plaintiffs and Defendant, as defined herein.

h.    "Plaintiffs' Counsel" means Axinn, Veltrop & Harkrider LLP, Latham & Watkins LLP, and the Washington Lawyers' Committee for Civil Rights & Urban Affairs.

i.    "Rule 23 Class" and "Rule 23 Class Members" means hourly, non-exempt employees[1] who worked for Requin on or after October 1, 2017, and who (i) were not paid wages, or (ii) were not paid overtime. The Rule 23 Class shall exclude individuals who opted-in to the District Court Action pursuant to 29 U.S.C. § 216, and who validly opt-out of the proposed Rule 23 Class.

2.    <u>Cooperation</u>.  Cooperation by Allender is a material term of the Settlement Agreement and shall include the following categories of cooperation that become available upon the Execution Date:

a.    Allender shall meet with Plaintiffs' Counsel for up to seven (7) hours, at an agreed upon location (or virtually if in-person attendance is not possible or not desirable), and provide at that meeting a reasonably detailed description of the principal facts known to him that are relevant to the conduct at issue in the District Court Action (the "Proffer");

b.    Allender shall cooperate with Plaintiffs' Counsel to provide one or more declarations to establish facts Plaintiffs' Counsel learns from the Proffer;

---

[1] See Exhibit 2 for a list of job titles used to identify Rule 23 Class Members.

c.      Allender shall provide  Plaintiffs' Counsel with any responsive, non-privileged information in his possession, custody, or control, including text messages and other relevant communications with the remaining Defendants,  in furtherance of Plaintiff's claims in the District Court Action;

d.      Allender shall use reasonable efforts to assist Plaintiffs' Counsel in authenticating documents and/or things produced where the facts indicate that the documents and/or things at issue are authentic, whether by declarations or affidavits, or, if declarations or affidavits are not reasonably sufficient, depositions, hearings, and/or at trials as may be necessary for the District Court Action or any related proceeding;

e.      Allender shall appear for a deposition of up to seven (7) hours in the District Court Action or any related proceeding;

f.      Allender shall appear live to testify at any trial of Plaintiffs' claims in the District Court Action or any related proceeding; and

g.      Allender will cooperate in good faith with Plaintiffs with respect to any other reasonable requests for additional information or discovery related to Plaintiffs' claims in the District Court Action or in any related proceeding.

3.      <u>Settlement Payment</u>. In full settlement of the claims in the District Court Action and the Bankruptcy Court Action, Allender shall make payment of $13,000.00 (the "Settlement Payment") pursuant to the terms described below.

a.      The Settlement Payment is a common fund from which will be made all settlement payments to (i) the members of the FLSA Collective Action; (ii) the Rule 23 Class Members who do not opt out of the settlement; (iii) litigation expenses related to the Settlement Administrator; and (iv) the service award.

6

b.      Within thirty (30) days after the District Court's entry of an order granting preliminary approval to this Settlement Agreement and certifying the Rule 23 Class for settlement purposes, Allender shall deposit the Settlement Payment into a Qualified Settlement Fund established by the Settlement Administrator.

4.      <u>Duties of the Parties Prior to the District Court's Approval</u>. The Parties shall jointly file a motion or stipulation for limited relief from the automatic stay in the Bankruptcy Court within 30 business days of the Execution Date.[2] Plaintiffs shall then apply to the District Court for the entry of an order preliminarily approving the settlement and certifying the Rule 23 Class for settlement purposes within fifteen (15) business days of the Bankruptcy Court granting or approving the relief from the automatic stay. As part of the motion for entry of an approval order, Plaintiffs shall seek, and Allender shall take no position with respect to, appointment of Plaintiffs' Counsel as Rule 23 Class counsel for purposes of this Settlement Agreement and certification in the District Court Action of the following Rule 23 Classes for settlement purposes only:

> An "<u>Unpaid Wages</u>" class, comprised of persons who were Defendants' employees, worked at Requin, and did not receive wages for their work for Defendants during their employment at Requin.

> An "<u>Unpaid Overtime</u>" class, comprised of persons who were Defendants' employees, worked at Requin, and did not receive overtime for their overtime for their overtime work for Defendants during their employment period at Requin.

5.      <u>Duties of the Parties in Bankruptcy Court</u>. In the event that the Bankruptcy Court seeks any oversight over the Settlement Agreement, the Parties shall cooperate in good faith to

---

[2] If the Bankruptcy Court suggests an alternative course of action, the Parties shall collaborate in good faith to take all steps necessary to ensure that this Settlement Agreement is approved by the District Court.

take any and all steps necessary to comply with the Bankruptcy Court's orders and effectuate the
Settlement Agreement.

      6.    <u>FLSA Collective Action and Rule 23 Class Notices</u>.  Plaintiffs' Counsel shall at a
subsequent date retain a settlement administrator to administer this Settlement ("Settlement
Administrator"), the identity of which will be determined after obtaining at least three
competitive quotes. The Settlement Administrator shall be responsible for: (a) providing notice
of the settlement to FLSA Opt-In Plaintiffs; (b) receiving and reviewing the Consent to Join
Claim Forms and Releases submitted by potential FLSA Opt-In Plaintiffs; (c) providing notice
and the opportunity to opt-out to Rule 23 Class members; (d) receiving and logging claims forms
and requests for exclusion from Rule 23 Class Members; (e) set up and administer a qualified
settlement fund ("Qualified Settlement Fund") to disburse all settlement payments; (f)
calculating the amounts allocated for Class Members and Opt-In Plaintiffs pursuant to this
Agreement; (g) calculate and make all payroll tax and other withholdings, including the
employer's share of such taxes and withholdings; (h) distribute settlement checks; (i) address any
questions from potential FLSA Opt-In Plaintiffs and Rule 23 Class Members; (j) prepare and
mail all necessary IRS forms; and (k) perform any other duties that are necessary to effectuate
the Settlement Agreement. Further, after preliminary approval, and subject to approval by the
District Court of the means for dissemination, individual Rule 23 Class notices of this Settlement
Agreement shall be mailed, emailed, or otherwise communicated by the Settlement
Administrator, at the direction of Plaintiffs' Counsel, to as many potential members of the Rule
23 Class as is practicable, in conformance with a notice plan to be approved by the District
Court.

NYDOCS\1520211.6

7.     <u>Qualified Settlement Fund</u>. The QSF will be an interest-bearing escrow account opened, administered, and controlled by the Settlement Administrator. The account shall be opened and administered by the Settlement Administrator as a qualified settlement fund under Section 468B of the IRC and Treas. Reg. § 1.468B-1 et seq. While held in the QSF, the funds in the QSF shall accrue interest at the then-current rate of the interest-bearing FDIC insured checking account. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Treas. Reg. § 1.468B-2(k)(3). Defendant shall be the "transferor" with respect to the QSF within the meaning of Treas. Reg. § 1.468B-1(d)(1). The Settlement Administrator shall provide to Defendant a properly completed and duly executed IRS Form W-9 of the QSF prior to the deposit of the Settlement Payment into the QSF. The Settlement Administrator shall cooperate as requested by Defendant in the making of any election with respect to the QSF, including a "relation-back election" pursuant to Treas. Reg. § 1.468B-1(j). All interest accruing thereon may be used to make payments required under the Settlement Agreement.

8.     <u>Release</u>.  Plaintiffs on their own behalf and on behalf of the FLSA Opt-In Plaintiffs and all individuals who do not timely and validly exclude themselves from the Rule 23 Class, and each of their respective agents, attorneys, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and each of their past, present, and future representatives (the "Releasors") hereby release and forever discharge Allender (the "Releasee") of and from all claims which were pleaded in the District Court Action and the Bankruptcy Court Action, or that could have been pleaded in the District Court Action for compensation and wages of any kind arising under the FLSA, DCMWA, or the DCWPC, by or on behalf of the Plaintiffs, FLSA Opt-In Plaintiffs, and all individuals who do not timely opt out of the Rule 23 Class ("Released Claims").

9

9.      Fair, Adequate and Reasonable Settlement. The Parties agree that the Settlement Agreement is fair, adequate, and reasonable, because of the uncertainties associated with protracted litigation against Allender. The Parties agree that Allender's cooperation is a material component in this Settlement Agreement that is of significant interest and value to Plaintiffs, and the Parties shall so represent to the District Court and Bankruptcy Court.

10.      The Parties' Efforts to Effectuate this Settlement Agreement.  The Parties will cooperate in good faith and take all steps necessary and appropriate to seek the District Court's and Bankruptcy Court's approvals of the Settlement Agreement, effectuate its terms, and cause the District Court Action and Bankruptcy Court Action to be dismissed as to Allender with prejudice.

11.      Attorneys' Fees and Litigation Costs.  Plaintiffs' Counsel do not seek attorneys' fees or reimbursement of expenses reasonably incurred in pursuing the District Court Action nor Bankruptcy Court Action from Allender pursuant to this Settlement Agreement. Nothing in this provision is intended to or shall prevent Plaintiffs' Counsel from seeking attorneys' fees or reimbursement of expenses reasonably incurred in pursuing the District Court Action and Bankruptcy Court Action from the remaining Defendants, and neither Allender nor Defendant's Counsel shall object thereto.

12.      No Admission of Wrongdoing or Liability. Neither this Settlement Agreement (regardless of whether it receives approval), nor any and all negotiations, documents, or discussions associated with them, nor any proceedings undertaken in accordance with the terms set forth herein, shall be deemed or construed as (i) an admission or concession of liability, wrongdoing, or violation of any statute or law, or (ii) used as evidence of liability, wrongdoing, or violation of any statute or law, for any purpose in any legal proceeding in any forum, claim,

10

regulatory or administrative investigation or proceeding, or government investigation or

proceeding.

13.     <u>Effect of Disapproval or Rescission</u>.  If the District Court does not certify the

Rule 23 Class as defined in this Settlement Agreement for Settlement purposes, or if the District

Court and/or Bankruptcy Court do not approve this Settlement Agreement in all material

respects, or if any order approving this Settlement Agreement is materially modified or set aside

on appeal, then this Settlement Agreement may be rescinded, cancelled or terminated by (i)

Plaintiffs, on behalf of the FLSA Opt-In Plaintiffs and/or the Rule 23 Class, or (ii) Allender.  If

rescinded, cancelled or terminated, this Settlement Agreement shall become null and void,

Allender's Settlement Payment shall be returned, and the Parties' position shall be returned to

the status quo ante.

14.     <u>Class Action Fairness Act</u>. Within ten (10) days of filing of this Settlement

Agreement in Court with the motion for preliminary approval referenced in Paragraph 3,

Defendant, at its sole expense, shall (i) serve upon appropriate Federal and/or State officials all

materials required pursuant to CAFA, and (ii) confirm to Plaintiffs' Counsel that such notices

have been served.

15.     <u>Choice of Law</u>.  All terms of this Settlement Agreement, including any related

disputes, shall be interpreted according to the substantive laws of the District of Columbia

without regard to its choice-of-law or conflicts-of-law provisions.

16.     <u>Consent to Jurisdiction</u>.  The Parties and any Releasing Parties hereby irrevocably

submit to the exclusive jurisdiction of the District Court for any suit, action, proceeding, or

dispute arising out of or relating to this Settlement Agreement or the applicability of this

Settlement Agreement.

17.     <u>Binding Effect</u>.  This Settlement Agreement constitutes a binding, enforceable

agreement as to the terms contained herein. Each and every covenant and agreement in this

Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, assigns,

and heirs of the Parties, members of the Rule 23 Class, the Releasors, and the Releasee.  Without

limiting the generality of the foregoing, upon certification of the Rule 23 Class and approval,

each and every covenant and agreement herein by the Plaintiffs shall be binding upon (i) all

FLSA Opt-In Plaintiffs, and (ii) members of the Rule 23 Class who have not validly excluded

themselves from the Rule 23 Class.

18.     <u>Sole Remedy</u>.  This Settlement Agreement shall provide the sole and exclusive

remedy for any and all Released Claims against the Releasee. Upon entry of final judgment, the

Releasors shall be forever barred from initiating, asserting, maintaining, or prosecuting any and

all Released Claims against the Releasee.

19.     <u>Admissibility</u>. It is agreed that this Settlement Agreement shall be admissible in

any proceeding for establishing the terms of the Parties' agreement or for any other purpose with

respect to implementing or enforcing this Settlement Agreement.

20.     <u>Notices</u>.  All notices or communications by any Party intended for any other Party

related to this Settlement Agreement shall be in writing.  Each such notice or communication

shall be given either by: (a) hand delivery; (b) registered or certified mail, return receipt

requested, postage pre-paid; (c) Federal Express or similar overnight courier; or (d) electronic

mail, and, in the case of either (a), (b), (c) or (d) shall be addressed as follows:

> If directed to Plaintiffs, the FLSA Opt-In Plaintiffs, the Rule 23 Class, or any member of
> the Rule 23 Class, to:
>
> Kail J. Jethmalani
> AXINN, VELTROP & HARKRIDER LLP
> 114 West 47th Street
> New York, NY 10021

12

EXECUTION VERSION

kjethmalani@axinn.com

Lindsey Strang
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
lstrang@axinn.com

Elizabeth A. Morris
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
elizabeth.morris@lw.com

Mohini P.B. Rarrick
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, DC 20004
mohini.rarrick@lw.com

If directed to Defendant, to:

Daniel M. Press
CHUNG & PRESS, P.C.
6718 Whittier Avenue
Suite 200
McLean, VA 22101
dpress@chung-press.com

or such other address as the Parties may designate, from time to time, by giving notice to all

Parties hereto in the manner described in this Paragraph.  The Parties shall provide courtesy

copies of all notices by electronic mail.

21.    <u>No Admission</u>.  Whether or not approval is granted, final judgment is entered, or

this Settlement Agreement is terminated, the Parties expressly agree that this Settlement

Agreement and its contents, and any and all statements, negotiations, documents, and discussions

associated with it, are not and shall not be deemed or construed to be an admission of liability by

any Party or Releasee.

22.     <u>No Unstated Third-Party Beneficiaries</u>.  No provision of this Agreement shall provide any rights to, or be enforceable by, any person or entity that is not a Releasee, FLSA Opt-In Plaintiff, or member of the Rule 23 Class.

23.     <u>No Party is the Drafter</u>.  None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter thereof.

24.     <u>Amendment and Waiver</u>.  This Settlement Agreement shall not be modified in any respect except by a writing executed by the Parties, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving Party.  The waiver by any Party of any particular breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Settlement Agreement.

25.     <u>Breach</u>. This Settlement Agreement does not waive or otherwise limit the Parties' rights and remedies for any breach of this Settlement Agreement.  Any breach of this Settlement Agreement may result in irreparable damage to a Party for which such Party will not have an adequate remedy at law.  Accordingly, in addition to any other remedies and damages available, the Parties acknowledge and agree that the Parties may immediately seek enforcement from a court of competent jurisdiction of this Settlement Agreement by means of specific performance or injunction, without the requirement of posting a bond or other security.

26.     <u>Execution in Counterparts</u>.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute a single agreement.  Facsimile or .pdf signatures shall be considered as valid signatures as of the

date hereof and may thereafter be appended to this Settlement Agreement and filed with the District Court and/or Bankruptcy Court.

27.     <u>Integrated and Final Agreement</u>.  This Settlement Agreement and its Exhibits comprise the entire, complete, and integrated agreement between the Parties, and supersede all prior and contemporaneous undertakings, communications, representations, understandings, negotiations, and discussions, either oral or written, between the Parties.  As set forth in Paragraph 24, the Parties agree that this Settlement Agreement may be modified only by a written instrument signed by the Parties. The Parties further agree that no Party will assert any claim against another based on any alleged agreement affecting or relating to the terms of this Settlement Agreement not in writing and signed by the Parties.

28.     <u>Voluntary Settlement</u>.  The Parties agree that this Settlement Agreement was negotiated at arm's length and in good faith by the Parties, and reflects a settlement that was reached voluntarily after consultation with competent counsel, and no Party has entered this Settlement Agreement as the result of any coercion or duress.

29.     <u>Confidentiality</u>.  The Parties agree to maintain the confidentiality of all settlement discussions and materials exchanged during the settlement negotiation.

30.     <u>Extensions of Time</u>. The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the District Court or Bankruptcy Court, subject to both the District Court and/or Bankruptcy Court approvals as to applicable court dates.

**EXECUTION VERSION**

IN WITNESS WHEREOF, the Parties, individually or through their duly authorized representatives, enter into this Settlement Agreement on the Execution Date.


Dated:____10/21/2022_____          By: _____

Kail J. Jethmalani
**AXINN, VELTROP & HARKRIDER LLP**
114 W 47th Street
New York, NY 10036
Tel: 212-728-2200
Fax: 212-728-2201
kjethmalani@axinn.com

Lindsey Strang Aberg
**AXINN, VELTROP & HARKRIDER LLP**
1901 L Street NW
Washington, DC 20036
Tel: 202-912-4700
Fax: 202-912-4701
lstrang@axinn.com

Elizabeth A. Morris
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: 212-906-1200
Fax: 212-751-4864
elizabeth.morris@lw.com

Mohini P.B. Rarrick
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: 202-637-2358
Fax: 202-637-2201
mohini.rarrick@lw.com

*Counsel for Plaintiffs Lucas Delcid, Danielle Harris, and Milena Radulovic, the FLSA Opt-In Plaintiffs, and the Rule 23 Class*

16

**EXECUTION VERSION**

Dated: 10/21/2022          By: _____

Lucas Delcid, Named Plaintiff


Dated: 10/24/2022          By: _____

Danielle Harris, Named Plaintiff


Dated: _____          By: _____

Milena Radulovic, Named Plaintiff


Dated: _____          By: _____

Daniel M. Press
**Chung & Press, P.C.**
6718 Whittier Avenue
Suite 200
McLean VA, 22101
Tel: 703-734-3800
dpress@chung-press.com

*Counsel for Defendant Johannes Allender*


Dated: _____          By: _____

Johannes Allender


17

**EXECUTION VERSION**

Dated:_____

By: _____
Lucas Delcid, Named Plaintiff

Dated:_____

By: _____
Danielle Harris, Named Plaintiff

Dated: _10/21/2022_

By: _____
Milena Radulovic, Named Plaintiff

Dated:_____

By:_____

Daniel M. Press
**Chung & Press, P.C.**
6718 Whittier Avenue
Suite 200
McLean VA, 22101
Tel: 703-734-3800
dpress@chung-press.com

*Counsel for Defendant Johannes Allender*

Dated:_____

By: _____
Johannes Allender

17

**EXECUTION VERSION**

Dated:_____     By: _____
                                         Lucas Delcid, Named Plaintiff


Dated:_____     By: _____
                                         Danielle Harris, Named Plaintiff


Dated:_____     By: _____
                                         Milena Radulovic, Named Plaintiff


Dated:___10/21/2022_____     By:_____

                                         Daniel M. Press
                                         **Chung & Press, P.C.**
                                         6718 Whittier Avenue
                                         Suite 200
                                         McLean VA, 22101
                                         Tel: 703-734-3800
                                         dpress@chung-press.com

                                         *Counsel for Defendant Johannes Allender*

Dated:__10/21/2022_____     By:_____
                                         Johannes Allender

NYDOCS\1520211.6

**EXECUTION VERSION**

# EXHIBIT 1

**EXECUTION VERSION**

**EXHIBIT 1**
**FLSA OPT-IN PLAINTIFFS AS OF SEPTEMBER 15, 2022**

Lucas Delcid
1500 Massachusetts Ave. N.W.
Apt. 437
Washington, DC 20005

Maya Fiellin
601 21st St., N.E.
Washington, DC 20002

Danielle Harris
6940 Hovingham Ct.
Centreville, VA 20121

Juan Raul Hernandez Martinez
3005 Curtis Dr.
Temple Hills, MD 20748

Christina Leiva
9513 Tam O'Shanter Dr.
Upper Marlboro, MD 20772

Milena Radulovic
4246 Raleigh Ave
Apt. 203
Alexandria, VA 22304

*address changed:*
*8710 Cameron St.*
*Apartment 625*
*Silver Spring MD 20910*

2

# EXHIBIT 2

**EXECUTION VERSION**

**EXHIBIT 2**
**JOB TITLES USED TO IDENTIFY RULE 23 CLASS MEMBERS**

The list of job titles used to identify Rule 23 Class Members is as follows[3]:

1. Bartender
2. Barback
3. Barista
4. Busser
5. Chef
6. Cleaner
7. Cook
8. Dishwasher
9. Food Runner
10. Fry Cook
11. Garde Manager
12. Host
13. Hotline
14. Jr. Sous-Plancha
15. Juicer
16. Pastry Chef
17. Polisher
18. Prep Cook
19. Server

---

[3] This list does not distinguish between job titles that are prefixed "AM" or "PM" (e.g., AM Dishwasher; PM Dishwasher).

NYDOCS\1520211.6