IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Delcid, et al.<br><br>                Plaintiffs,<br><br>Isabella, et al.<br><br>                Defendants. | Case No. 8:20-CV-03167-MJM |

**PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES AND COSTS PURSUANT TO 29 U.S.C. § 216(b) AGAINST
DEFENDANT MICHAEL ISABELLA, AND MEMORANDUM OF LAW IN SUPPORT**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bd. of Educ. of Frederick Cnty. v. Summers*,
    358 F. Supp. 2d 462 (D. Md. 2005) ................................................................................. 5

*Brinn v. Tidewater Transp. Dist. Comm'n*,
    242 F.3d 227 (4th Cir. 2001) ............................................................................................ 3

*Brown v. Bones Jones Brands, LLC*,
    No. 1:22-cv-00228-MR-WCM, 2023 WL 5767468 (W.D.N.C. Sept. 6, 2023) ................ 6

*Delcid v. Allender*,
    No. 21-16900 (Bankr. D. Md. 2021) ................................................................................ 4

*Fisher v. SD Prot. Inc.*,
    948 F.3d 593 (2d Cir. 2020) ............................................................................................. 5

*Jackson v. Egira, LLC*,
    No. RDB-14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016) ..................................... 3, 5

*Kabore v. Anchor Staffing, Inc.*,
    No. L–10–3204, 2012 WL 5077636 (D. Md. Oct. 17, 2022) .......................................... 6

*Martinez v. Capitol Drywall, Inc.*,
    No. CIV. DKC 13-1563, 2014 WL 5454378, at *3 (D. Md. Oct. 24, 2014),
    *report and recommendation adopted in part, rejected in part*, No. CIV.A.
    DKC 13-1563, 2014 WL 6983443 (D. Md. Dec. 9, 2014) ............................................... 3

*Millea v. Metro-N. R. Co.*,
    658 F.3d 154 (2d Cir. 2011) ............................................................................................. 5

*Singleton v. Domino's Pizza, LLC*,
    976 F. Supp. 2d 665 (D. Md. 2013) ................................................................................. 6

*Spencer v. Cent. Servs., LLC*,
    No. CCB–10–03469, 2012 WL 142978 (D. Md. Jan. 13, 2012) ..................................... 5

**Statutes**

29 U.S.C. § 216 .............................................................................................................. 1, 2, 3

District of Columbia's Wage Payment and Collection Law,
    D.C. Code § 32-1301 et seq. ............................................................................................ 1

District of Columbia's Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 et seq. ...................................................................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 4(e)(1) ..............................................................................................................2

Fed. R. Civ. P. 12(a)(1)(A)(i) ...................................................................................................2

Fed. R. Civ. P. 23 ..............................................................................................................1, 2, 4

Md. Rule 3-121(a) ....................................................................................................................2

Plaintiffs Lucas Delcid, Danielle Harris, and Milena Radulovic ("Plaintiffs") on behalf of themselves, the preliminarily certified Fair Labor Standards Act ("FLSA") Section 216(b) collective action class members ("FLSA Opt-In Plaintiffs"), and the members of the proposed Rule 23 classes pursuant to the District of Columbia's Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 et seq., and the District of Columbia's Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 et seq. ("Rule 23 Classes"), by and through their undersigned counsel, respectfully request that the Court award attorneys' fees and costs to Plaintiffs pursuant to 29 U.S.C. § 216(b) against Defendant Michael Isabella, and issue any other relief the Court deems just and proper.[1] Plaintiffs submit this Memorandum of Law in Support of their Motion.

## FACTUAL BACKGROUND

Plaintiffs worked at ReqWharf LLC d/b/a Requin ("Requin"), a Washington, D.C. restaurant owned by Defendant Michael Isabella, before the restaurant permanently closed its doors on December 22, 2018 with no notice to its employees. Defendant Isabella was the sole owner, President, and Chief Executive Officer of Requin. Requin subsequently declared bankruptcy. (*ReqWharf, LLC d/b/a Requin DC*, Voluntary Petition for Non-Individuals Filing for Bankruptcy, No. 19-12585 (Bankr. D. Md. Feb. 28, 2019).) As can be seen from the docket, No 20-CV-03167, Plaintiffs Delcid and Radulovic were not paid for their work at Requin in the final months of 2018. (ECF No. 30-5; ECF No. 30-7.) Plaintiff Harris, who ended her employment with Requin prior to its closure, was not properly compensated by Requin at one and one-half the regular rate of pay for all overtime hours worked within a workweek. (ECF No. 30-6.)

---

[1] Defendants Dhiandra Olson, Taha Ismail, and Johannes Allender have agreed to settle the claims against them. The settlements with these three Defendants have been preliminarily approved. Defendants Isabella, Olson, Ismail, and Allender are collectively referred to as "Defendants."

Plaintiffs filed their Complaint against Defendants on October 30, 2020. (ECF No. 1.) Plaintiffs' FLSA claims were asserted as a collective action pursuant to Section 216(b) on behalf of the following proposed class of similarly situated Requin employees: all hourly, non-exempt employees who worked for ReqWharf LLC d/b/a Requin ("Requin") on or after October 1, 2017, who were not paid wages or were not paid overtime, and who submitted written consents to join the Action pursuant to 29 U.S.C. § 216. (Compl. ¶ 52.)

Plaintiffs also brought claims pursuant to the DCMWA and DCWPC, on behalf of the following proposed Rule 23 classes: (1) an "Unpaid Wages" class, comprised of persons who were Defendants' employees, worked at Requin, and did not receive wages for their work for Defendants during their employment at Requin; and (2) an "Unpaid Overtime" class, comprised of persons who were Defendants' employees, worked at Requin, and did not receive overtime pay for their overtime work for Defendants during their employment at Requin. The proposed Rule 23 Classes exclude FLSA Opt-in Plaintiffs.

Pursuant to Fed. R. Civ. P. 4(e)(1) and Md. Rule 3-121(a), Plaintiffs properly served Defendant Isabella by certified mail on November 20, 2020, at his last known address: 437 W. Palmetto Street, Kill Devil Hills, NC 27948. (Aff. of Serv. of Compl., Summons, and Case Mgmt. Ord. on Michael Isabella, ECF No. 5-1.) Defendant Isabella thereafter failed to serve an answer or otherwise respond to the Complaint, as required by Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, Plaintiffs moved for an entry of default against Defendant Isabella on December 15, 2020. (ECF No. 12.) The Court issued an Order of Default on January 11, 2021. (ECF No. 20.)

Notwithstanding Defendant Isabella's default, Plaintiffs proceeded against the other named Defendants, who all have since agreed to settle Plaintiffs' claims. Those settlements have

2

been preliminarily approved by the Court. (ECF No. 70; ECF No. 81; ECF No. 82.)[2] On January 23, 2024, Plaintiffs moved for final approval of the settlements, (ECF No. 88), for entry of default judgment against Defendant Michael Isabella, (ECF No. 89), and for an extension of time to file the a motion for attorney's fees and costs. (ECF No. 90.) Those motions remain pending.

## ARGUMENT

A.   Plaintiffs Are Entitled to Reasonable Attorney's Fees

Awarding attorneys' fees and costs to employees who prevail on FLSA claims is mandatory. 29 U.S.C. § 216(b). *See, e.g.*, *Jackson v. Egira, LLC*, No. RDB-14-3114, 2016 WL 5815850, at *2 (D. Md. Oct. 5, 2016) (awarding $232,340 in attorneys' fees and $8,381.05 in costs and noting "payment of attorney's fees and costs to the plaintiff is mandatory" under 29 U.S.C. § 216(b)). In an FLSA case such as this, "a default judgment renders the plaintiffs prevailing parties for purposes of a fee award." *Martinez v. Capitol Drywall, Inc.*, No. CIV. DKC 13-1563, 2014 WL 5454378, at *3 (D. Md. Oct. 24, 2014), *report and recommendation adopted in part, rejected in part*, No. CIV.A. DKC 13-1563, 2014 WL 6983443 (D. Md. Dec. 9, 2014) (rejecting magistrate's recommendation not to treble damages). Plaintiffs' motion for entry of default judgment against Defendant Michael Isabella is currently pending. (ECF No. 89.)

Plaintiffs are represented jointly by pro bono counsel Axinn, Veltrop & Harkrider LLP ("Axinn") and Washington Lawyers Committee for Civil Rights and Urban Affairs ("WLC"). Pro bono representation does not hinder the recoverability of attorney's fees. *Brinn v. Tidewater Transp. Dist. Comm'n*, 242 F.3d 227, 234–35 (4th Cir. 2001) ("courts have consistently held that entities providing pro bono representation may receive attorney's fees where appropriate, even

---

[2] Plaintiffs' Motion for Approval of the Form and Manner of Class Notice, (ECF No. 83) was approved by the Court on October 12, 2023. (ECF No. 85.)

3

though they did not expect payment from the client"). On account of the procedural complexities of this case as a hybrid FLSA collective action and Rule 23 class action, the arduous discovery required—significantly exacerbated by Defendant Isabella's silence and default—plus the pursuit of Defendant Allender in adversary proceedings in bankruptcy court, (Voluntary Petition for Individuals Filing for Bankruptcy, *Delcid v. Allender*, No. 21-16900 (Bankr. D. Md. 2021)), Plaintiffs' counsel have collectively expended well over 2,000 hours pursuing this action. (Ex. A, Jethmalani Decl., ¶ 15.) Plaintiffs' counsel have made careful but extensive adjustments to their timekeeping records to conform with the Court's appendix on attorney's fees, *see* D. Md. Loc. R. App. B ("Appendix B"), reducing counsel's total fee request to $445,347.50 for 1,879.70 hours of work performed by Axinn through December 31, 2023, (Ex. A, Jethmalani Decl., ¶¶ 16-17), and $36,192.50 for 95.7 hours of work performed by WLC through January 23, 2024. (Ex. B, Wasik Decl., ¶ 18.)

For Axinn, counsel have arrived at this figure by taking the raw timekeeping records, and making a series of downward adjustments. (Ex. A, Jethmalani Decl., ¶ 16.) Each timekeeper's standard billing rate was adjusted in accordance with Appendix B based on their years of experience. (*Id.*) All time entries were carefully reviewed and categorized according to Appendix B. (*Id.*) And to err on the side of conservatism, most meetings were identified and removed entirely, and the timekeeper for the remaining meetings were limited to the senior-most attorney present in accordance with Appendix B. Axinn timekeepers who billed fewer than ten total hours were also removed entirely. (*Id.*)

For WLC, counsel have arrived at this figure by taking the raw timekeeping records, and making a series of downward adjustments to each timekeeper's standard billing rate in compliance with the Court's appendix on attorney's fees. (Ex. B, Wasik Decl., ¶¶ 17, 21.) As

4

with the Axinn records, entries were carefully reviewed and categorized according to Appendix B. (*Id.*) Counsel also removed entries that were not properly billed to this action. (*Id.* ¶ 17)

The total attorney's fees requested are appropriate for several reasons. *First*, had Defendant Isabella accepted responsibility at the outset—which would have had the same legal consequences as his default—Plaintiffs would not have had to go to considerable, otherwise avoidable lengths to uphold their civil employment rights. Courts have routinely approved fees of this magnitude for pro bono counsel. *See, e.g.*, *Bd. of Educ. of Frederick Cnty. v. Summers*, 358 F. Supp. 2d 462, 471 (D. Md. 2005) ($196,353 in attorneys' fees and $20,842.12 in costs). It is also routine in FLSA cases for requested attorney's fees to significantly exceed the underlying damages claim, and for courts to grant such fees. *E.g.*, *Spencer v. Cent. Servs., LLC*, No. CCB–10–03469, 2012 WL 142978, at *1, 4 (D. Md. Jan. 13, 2012) (awarding and finding as reasonable attorneys' fees and costs over five times the defendants' liability under the FLSA); *Jackson*, 2016 WL 5815850, at *2; *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 604 (2d Cir. 2020) (FLSA action collecting FLSA and other civil rights cases with attorney's fees exceeding 10 times the underlying damages and noting that, "[t]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery").

*Second*, attorney's fees are a critical component of the FLSA statutory scheme. FLSA claims are often for meager amounts that are easily dwarfed by the legal costs of pursuing them. It would make no economic sense to bring such claims—and the most vulnerable in society would be left without recourse—if courts did not give full effect to the FLSA's fee-shifting provisions. *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) ("Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights

5

claims of modest cash value can attract competent counsel."); *Brown v. Bones Jones Brands, LLC*, No. 1:22-cv-00228-MR-WCM, 2023 WL 5767468, at *5 (W.D.N.C. Sept. 6, 2023) ("[c]ourts have rejected the notion that fee awards should be proportionally tied to the plaintiff's recovery" (collecting cases)).

  B. <u>Plaintiffs Are Entitled to Reasonable Costs</u>

Plaintiffs are also entitled to reasonable costs under the FLSA. *See supra*; *see also, e.g.*, *Kabore v. Anchor Staffing, Inc.*, No. L–10–3204, 2012 WL 5077636, at *10 (D. Md. Oct. 17, 2022) ("It is well-established that plaintiffs who are entitled to recover attorneys' fees are also entitled to recover reasonable litigation-related expenses as part of their overall award."). Such costs include "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Id.* (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). "Examples of costs that have been charged include necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 689 (D. Md. 2013) (approving costs as requested).

Plaintiffs here request $17,873.91 in reasonable costs incurred by Axinn, in addition to reasonable attorneys' fees. Counsel arrived at this figure by taking raw expense data and carefully checking each expense was of the type charged to a fee-playing client in the ordinary course of providing legal services, removing those entries that did not conform. (Ex. A, Jethmalani Decl., ¶ 18.)

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order awarding attorneys' fees and costs in the amount of $499,413.91, and grant any other relief the Court deems just and proper.

DATED: February 2, 2024               Respectfully Submitted,

*/s/ Kail J. Jethmalani*
Kail J. Jethmalani, Bar No. 22873
AXINN, VELTROP & HARKRIDER, LLP
114 West 47th Street
New York, New York 10036
Phone: (202) 261-5649
Fax: (212) 728-2201
kjethmalani@axinn.com

Lindsey Strang Aberg, Bar No. 21576
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Phone: (202) 469-3550
lstrang@axinn.com

Kaitlin Banner, Bar No. 1000436 (*pro hac vice*)
Dennis Corkery, Bar No. 19076
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
700 14th Street NW, Suite 400
Washington, DC 20005
Phone: (202) 319-1000
Fax: (202) 319-1010
Kaitlin_Banner@washlaw.org
Dennis_Corkery@washlaw.org

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 2, 2024, a copy of the foregoing was served on all counsel of record via the Court's ECF System.

By: */s/ Kail J. Jethmalani*
Kail J. Jethmalani, Bar No. 22873
