IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Lucas Delcid, *et al.*<br><br>    Plaintiffs,<br><br>Michael Isabella, *et al.*<br><br>    Defendants. | Civ. No. MJM-20-03167 |

### ORDER GRANTING FINAL APPROVAL OF
### CLASS AND COLLECTIVE ACTION SETTLEMENTS

Plaintiffs Lucas Delcid, Danielle Harris, and Milena Radulovic, FLSA Opt-In Plaintiffs, and Rule 23 Class Members, have executed settlement agreements with each of the Defendants Dhiandra Olson, Taha Ismail, and Johannes Allender (collectively "Settlements"). The Plaintiffs filed Joint Motions for Preliminary Approval of Class and FLSA Collective Action Settlements on January 31, 2022 (ECF. No. 66) (Defendant Olson), on April 13, 2022 (ECF No. 75) (Defendant Ismail), and on January 13, 2023 (ECF No. 80) (Defendant Allender). This Court preliminarily approved the Settlements on March 25, 2022, January 23, 2023, and March 21, 2023 (ECF Nos. 70, 81, 82) respectively.

On July 14, 2023, the Plaintiff filed a Motion for Approval of the Form and Manner of Joint Notice and Appointment of the Settlement Administrator (ECF No. 83). On October 12, 2023, the Court issued an Order granting that motion (ECF No. 85). The approved settlement class notice program commenced on November 13, 2023. There were no timely objections to the Settlements.

On January 23, 2024, the Plaintiffs filed a Joint Motion for Final Approval of Class and FLSA Collective Action Settlements (the "Motion", ECF No. 88).

The Court has considered the Motion, and the terms of the Settlements, and upon review, the Court finds that there is sufficient basis to grant final approval of the Settlement Agreements.

For reasons stated during the video teleconference hearing on February 20, 2024, it is hereby ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlements unless otherwise defined herein.

2. The Motion is hereby GRANTED.

3. The Court has reviewed the Joint Motion and the Settlements, and finds that the Settlements fall within the range of reasonableness. The Court therefore approves as final its terms, hereby concluding that: (i) the Settlements reflect a fair and reasonable resolution of a bona fide dispute of the claims brought by Plaintiffs and arising under the FLSA; and (ii) the Settlements Agreements are a result of vigorous arms-length negotiations undertaken in good faith by the Parties through experienced counsel and without collusion.

4. The Defendants have served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

5. Accordingly, the Court approves as final the Settlements as fair, reasonable, adequate, and in the best interests of the Plaintiffs.

SO ORDERED this 20th day of ____February____, 2024.

/S/
U.S. District Judge Matthew J. Maddox